In the Matter of the Application of The Manhattan Railway Company, Respondent, *v.* John L. Stroub, Appellant, Relative to Acquiring Title to Certain Real Property in the City and County of New York.

*Eminent domain — omission in a judgment to appoint commissioners — power to supply it — notice of appointment, and of first meeting.*

A failure to appoint commissioners, in a judgment rendered in proceedings for the condemnation of real property, as contemplated by section 3369 of the Code of Civil Procedure, may be supplied by the court, under the authority conferred by section 724 of that Code.

The court has no power to shorten the eight days' notice of the appointment of commissioners and of the time and place of their first meeting, prescribed by said section 3369.

Appeal by the defendant, John L. Stroub, from an order of the Supreme Court, made at the New York Special Term at Chambers and entered in the office of the clerk of the city and county of New York on the 25th day of February, 1893, appointing commissioners to ascertain the compensation to be made to the defendant in the above-entitled matter.

*Edward C. Perkins,* for the appellant.

*Alexander S. Lyman,* for the respondent.

Van Brunt, P. J.:

Upon an examination of the sections of the Code under which this proceeding was taken, it will be noticed that the proceeding was before the court and not before a judge, and that by section 3369 it is provided what the judgment is to contain, which is to be entered pursuant to the direction of the court or referee before whom the issues have been tried. This action provides that if the decision is in favor of the plaintiff, or if no answer has been interposed, and it appears from the petition that the plaintiff is entitled to the relief demanded, judgment shall be entered adjudging that the condemnation of the property described is necessary for the public use, and that the plaintiff is entitled to take and hold the property for the public use specified, upon making compensation therefor,

and that the court shall thereupon appoint three disinterested and competent freeholders, etc.

It is apparent from this language of the section that it was the intention of the Legislature that the court, by the judgment which was to be entered upon the decision of the court or referee, should appoint the commissioners, and also should by that judgment fix the time and place for the first meeting of the commissioners. But if the court omitted, in the entering of the judgment, to do any of these things in the judgment directed to be entered, the applicant is not without remedy, because, by section 3368 it is provided that the provisions of title 1 of chapter 8 of this act shall also apply to proceedings had under this title. Title 1 of chapter 8 relates to mistakes, omissions, defects and irregularities, and by section 724 of the Code, which is included in that title, the court may supply an omission to any proceeding, and where a proceeding taken by a party fails to conform to a provision of this act the court may, in like manner and upon like terms, permit an amendment thereof to conform it to the provision.

Therefore, the court having failed to appoint the commissioners. by the judgment as contemplated by section 3369, such omission,. upon proper application and upon proper notice, may be supplied,. which is what was done in the case at bar.

The court also attempted to supply the other omission, viz., the fixing of the time and place for the first meeting of the commissioners. The order appointing the commissioners was dated February twenty-third, entered February twenty-fifth, and directs that the first meeting of the commissioners be held on February 28,. 1893 ; and by so doing did not give necessary time in order that the last clause of section 3369 could be applied, which provides that if a trial has been had, at least eight days' notice of such appointment must be given to all defendants who have appeared — the appointment referred to being the appointment of the commissioners and of the time and place of the first hearing. The time fixed by this. clause of the section the court had no power to shorten.

We think, therefore, that the order appealed from should be modified by reversing that part of the order which fixed the time for the first meeting of the commissioners, with leave to apply at the Special Term for the supplying of the omission which the reversal

·of that portion of the order would leave, without costs to either party.

O'Brien and Follett, JJ., concured.

Order modified as directed in opinion and as modified affirmed, ·without costs to either party.